**Hugh CASSIDY, et al., Plaintiffs,**

v.

**David LOURIM, et al., Defendants.**

**No. CIV.L–02–2105.**

United States District Court, D. Maryland.

March 19, 2004.

Donald S. Engel, Engel and Engel LLP, Somis, CA, Stephen Andrew Oberg, Council Baradel Kosmerl and Nolan PA, Alexander J May, Jonathan P. Kagan, Brassel and Baldwin, Annapolis, MD, for Plaintiffs.

Ronald B. Rubin, Rubin and Rubin Chtd, Rockville, MD, Margaret A. Lange, Perkins Smith and Cohen LLP, Boston, MA, Michael Alan Stodghill, Rubin and Rubin Chtd, Rockville, MD, Susan E Stenger, Perkins Smith and Cohen LLP, Boston, MA, for Defendants.

## *MEMORANDUM*

LEGG, Chief Judge.

When attorney Donald Engel filed the Complaint, the interests of his clients were in harmony. The two sets of plaintiffs (Barbara and Hugh Cassidy and Blix Street Records, Inc.) are now at odds over business issues, including whether this suit should be settled. A motion now pending tests whether Engel may continue to represent Blix Street Records over the objection of his former clients, the Cassidys.[1]

The Court concludes that the Rules of Professional Conduct preclude Engel from continued participation in this case.[2] In a

---

1. Because the issues have been fully briefed, the Court will dispense with a hearing. *See* Local Rule 105.6 (D.Md.2001).

2. The parties have not briefed whether Engel may continue to represent Blix Street Records in business negotiations with the Cassidys. Although it appears that Engel would be prohibited from serving in that role, the issue is not before the Court.

separate Order filed today, the Court will GRANT the Cassidys' motion to disqualify Engel and his firm. [Docket No. 39]. This memorandum explains the reasons for the ruling.

## I. BACKGROUND

Plaintiffs Hugh and Barbara Cassidy are the parents and heirs of the late Eva Cassidy, a gifted vocalist who was only thirty-three when she died of cancer in 1996. Little known during her lifetime, Ms. Cassidy has achieved worldwide fame posthumously. Following the singer's death, the Cassidys contracted with Blix Street Records to manufacture, promote, and distribute Eva Cassidy records.

Although the number of songs Ms. Cassidy recorded is regrettably small, there are enough for Blix Street Records to have grouped them into several very successful albums. The most famous of these is the *Songbird* album, which has sold over 1.5 million copies. These albums display Ms. Cassidy in her vocal maturity singing traditional songs or classics by famous songwriters. Most of the recordings on these albums were produced by Ms. Cassidy's close collaborator, Chris Biondo.

This case involves one of Ms. Cassidy's youthful recordings. After her graduation from high school, Ms. Cassidy and several friends formed a group named Method Actor. The group's leader was David Lourim. Although the group was short lived, it was not a mere "garage" band. The group had a defined set of personnel, it gave public performances, and it recorded and published an album, titled *Method Actor*. Ms. Cassidy was the lead singer for the group, and she also drew the album's "cover art."

The group recorded the album at a professional recording studio during a number of sessions that were presided over by Lourim. Lourim played guitar, and the songs appearing on the album were his original compositions. *Method Actor* was reviewed by the *Washington Post*, and members of the group attempted to distribute copies through local record stores. Neither the group nor the album met with success, and Method Actor soon disbanded. Ms. Cassidy continued her career in music, while Lourim abandoned songwriting for a business career.

Prompted by Ms. Cassidy's growing fame, Lourim decided to re-release *Method Actor* in 2002. He signed a contract with Defendants Q & W Music and IDN, which re-recorded the album, re-designed the cover to state prominently that the album featured Eva Cassidy, and scheduled the release of 45,000 copies for June of 2002.

On June 24, 2002, the Cassidys and Blix Street filed the instant suit contending that (i) Lourim had no right to re-release the album, and (ii) the public would be confused into believing that they were purchasing an Eva Cassidy solo album.[3]

Plaintiffs' lead attorney, David Engel, who is based in Los Angeles, claims expertise in intellectual property law relating to the recording industry. Contending that Lourim's violations of copyright and trademark law were obvious and irrefutable, Engel advocated for a prompt hearing and an injunction halting the ongoing distribution of *Method Actor*.

The Court scheduled a short but intense period of document and deposition discovery. Both sides filed extensive briefs in advance of an evidentiary hearing that was held on September 10, 2002. At the hearing, the Cassidys and Lourim testified, as did former members of Method Actor and

---

**3.** The Amended Complaint alleges that the new cover and prominence given to Ms. Cas-

sidy conveys the misimpression that *Method Actor* is an Eva Cassidy solo album.

representatives of Blix Street Records, Q & W Music, and IDN. Engel conducted the hearing for the plaintiffs: he gave oral argument, he examined witnesses, and he made factual representations as to the customs and practices of the recording industry.

In an oral opinion delivered from the bench, the Court denied the motion for injunctive relief, ruling that the plaintiffs' case stood little likelihood of success on the merits. Lourim's right to re-distribute *Method Actor* appears clear cut. Lourim was the leader of the group, and he wrote and arranged the songs appearing in the album. The album is a joint work, and, absent an agreement to the contrary, any of the collaborators may license and promote such a work. The federal copyright statute provides that "[t]he authors of a joint work are coowners of copyright in the work." 17 U.S.C. § 201(a).[4]

There is also a written agreement that authorizes Lourim to license and distribute *Method Actor*. When the album was created, Lourim, who had no legal training, wrote a very short contract that he, Ms. Cassidy, and several other group members signed. While the agreement is rudimentary, it states that Lourim has the right to "use … [Eva Cassidy's] recorded performances, financed by [Lourim], in any form that [Lourim] may choose." The contract also obligates Lourim to remit a share of any profits to Ms. Cassidy and the group's other members. Neither Ms. Cassidy nor her estate sought to terminate the agreement prior to the lawsuit. Even if the rudimentary agreement were to fail as a binding contract, the default rule governing joint works would permit Lourim to license *Method Actor*.

At the hearing, Engel contended that *Method Actor* is amateurish in comparison to the mature performances that have gained Ms. Cassidy fame. Circulating the album would impair the singer's reputation and chill the market for Blix Street's records, they argue. This may be so, but an artist has no right to veto immature works or bad performances. So long as *Method Actor* is not "passed off" as an Eva Cassidy solo album, the plaintiffs have no right to ban it.

This Court concluded that the new album was not masquerading as an Eva Cassidy recording. The re-release included the words "Method Actor" on the front, back, and spine of the jacket. The front of the album stated accurately that Eva Cassidy performed as the lead vocalist on all songs. The Court ruled, however, that the cover should more clearly explain Eva Cassidy's relationship to the album. Any possibility of confusion could be cured by affixing stickers to the unsold inventory[5] stating that the work was not an Eva Cassidy solo album, the Court decided.

After denying injunctive relief, the Court held several hearings to review and approve the stickers and changes to the promotional literature. These corrective measures have long since been implemented.

Although a scheduling Order issued, the parties set about attempting to settle the case. On March 3, 2003, after repeated extensions of the discovery deadline, Counsel advised the Court that they were nearing an agreement. Accordingly, on April 3, 2003, the Court stayed the case.

Despite the parties' optimism, no settlement has been reached and the case must

---

4. As coowners, "each contributor automatically acquires an undivided ownership in the entire work, including all of the contributions contained therein." *Nimmer on Copyright* § 6.03 (2000).

5. Because distribution was in the early stages, the corrective stickers were attached to most of the Method Actor albums before they reached consumers.

be re-opened. There is a fundamental disagreement between the Cassidys and Blix Street Records regarding the proposed settlement terms. The Cassidys are apparently willing to recognize Lourim's rights in *Method Actor*, but Blix Street Records is not. Although Engel has withdrawn his appearance as the Cassidys' lawyer,[6] he contends that he may ethically continue as Blix Street's attorney. The Cassidys disagree and have filed a motion to disqualify Engel.

## II. *ANALYSIS*

The motion to disqualify is governed by Maryland Rule of Professional Conduct 1.9.[7] In distilled form, Rule 1.9 [8] prohibits Engel from continuing to represent either party if the dispute between the Cassidys and Blix Street Records (i) is material, (ii) centers on the property rights at issue in this case, and (iii) has not been waived. The clear-cut answers to these questions require Engel's disqualification.

This dispute is material and centers on the core issues in this case: Lourim's right to license and distribute *Method Actor*. As the case has evolved, the Cassidys have decided to cooperate with Lourim in licensing *Method Actor* to a producer planning a film about Eva Cassidy. Blix Street Records disagrees, contending that it has the exclusive rights to all Eva Cassidy works, including her appearance in *Method Actor*.

■ Engel cannot legitimately contest these points. He himself describes the disagreement as "major, vigorous and vitriolic." (Engel Aff. at 7.) He concedes that the dispute involves Lourim's rights.[9]

Despite these concessions, Engel argues that the Cassidys waived their objection (i) expressly, and (ii) constructively through delay. The facts do not support a finding of waiver under either theory, however.

■ As evidence of an express waiver, Engel's brief quotes from a June 4, 2003 letter from the Cassidys' stating that "[t]he Cassidys do not ask that you withdraw from the Method Actor litigation." [10] Engel's brief is highly misleading because he fails to quote the very next sentence of this letter. The letter continues by stating that the Cassidys would allow Engel to continue representing Blix Street only if "all parties agree that this consent does not constitute a waiver of the Cassidys'

---

**6.** The Cassidys are currently represented by James Nolan and Stephen Oberg of Council, Baradel, Kosmerl & Nolan.

**7.** Local Rule 704 directs this Court to "apply the Rules of Professional Conduct as they have been adopted by the Maryland Court of Appeals."

**8.** Maryland Rule of Professional Conduct 1.9 provides:
A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
(b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.

**9.** Engel sets up an argument (albeit an untenable one) that there is no actual conflict between the two sets of plaintiffs. The Amended Complaint alleges that Lourim has no right to license *Method Actor*. Engel maintains that the Cassidys, by approving the Amended Complaint, may not now assert a contrary position. Thus, Blix Street Records' and the Cassidys' true interests are aligned, Engel contends. This argument is so Orwellian that it can be rejected summarily.

**10.** Neil Fischer of Isaacman, Kaufman & Painter drafted the letter on behalf of the Cassidys.

right to object to your future involvement on behalf of [Blix Street Records], and that this consent will not be used in any way to undermine any such objections." It is clear that the Cassidys never expressly waived their objection.

 Nor did the Cassidys waive their objection through delay. Although his argument is hard to follow, Engel appears to contend that for some time his representation of the Cassidys was nominal. The Cassidys did not object when Engel began siding with Blix Street Records in the dispute over settlement. The Cassidys thereby tacitly acquiesced to Engel's de facto shift of allegiance, and it would be inequitable to disqualify him now, Engel argues.

This tortured argument merits little discussion. Engel marshals no facts to support such a contention. The written record fails to demonstrate any delay. Engel moved to withdraw from his representation of the Cassidys on December 12, 2003. The Cassidys promptly objected to Engel's continued representation of Blix Street Records six weeks later.

Even if Engel could establish delay, he has made no showing that the Cassidys delayed filing their disqualification motion for tactical reasons.[11] To the contrary, the issue of Engel's continued representation appears to have surfaced when it did because the parties recognized

that the case must be re-opened.[12] Accordingly, the Court finds no waiver.[13]

## III. CONCLUSION

For the reasons stated herein, the Court will, by separate Order filed this date, GRANT the Cassidys' motion to disqualify Donald Engel and the firm of Engel & Engel as Counsel for Blix Street Records [Docket No. 39].

---

11. Although a party may waive its objection to a conflict of interest through delay, courts focus on "whether the motion was delayed for tactical reasons" rather than the mere length of the delay. *See Buckley v. Airshield Corp.,* 908 F.Supp. 299, 307 (D.Md.1995).

12. Of the papers presented to the Court, the earliest written discussion of this conflict appears in the June 4th letter. Through their attorney, the Cassidys took pains to state that they were not willing to waive their right to seek Engel's disqualification. Two days later, after receiving a hostile letter from Engel, the Cassidys unconditionally demanded that Engel withdraw. Engel could not reasonably have interpreted the Cassidys' actions as tacit acquiescence.

13. Maryland Rule of Professional Conduct 1.10(a) provides that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2." Because Donald Engel is disqualified, Engel & Engel may not further represent Blix Street Records in this matter.